# Order

Michigan Supreme Court
Lansing, Michigan

June 22, 2007

Clifford W. Taylor,
Chief Justice

133500 & (18)

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

STEVEN L. FAHR,
      Plaintiff-Appellee,

v

SC: 133500
COA: 271865
WCAC: 05-000326

GENERAL MOTORS CORPORATION,
      Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the February 22, 2007 order of the Court of Appeals is considered. We note that the Workers' Compensation Appellate Commission majority misinterpreted this Court's decision in *Rakestraw v General Dynamics Land Systems, Inc*, 469 Mich 220 (2003), when it asserted that *Rakestraw* does not require a "pathological change in a pre-existing condition" in order for a plaintiff to establish that a work-related personal injury has occurred. *Rakestraw* clearly requires a plaintiff who is suffering from a pre-existing condition to show that his work has caused an injury that is medically distinguishable from the progression of an underlying pre-existing condition. This cannot be done merely by showing a worsening of symptoms. Rather, to demonstrate a medically distinguishable change in an underlying condition, a claimant must show that the pathology of that condition has changed. Although a medical expert need not use the phrase "change in pathology," there must be record evidence from which a legitimate inference may be drawn that the plaintiff's underlying condition has pathologically changed as a result of a work event or work activity in order to meet the legal test for a personal injury under MCL 418.301(1) and *Rakestraw*. In this case, the record contains evidence that the plaintiff's preexisting medical condition was pathologically aggravated by his working conditions. Accordingly, leave to appeal is DENIED, because we are not persuaded that the question presented should be reviewed by this Court. The motion to consolidate is DENIED.

KELLY, J., concurs in the result only.

CAVANAGH, J., would deny leave to appeal without the further statements found in the majority's order.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 22, 2007

Clerk

0619